UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT KOCHENDORFER, | ) |
| | ) CASE NO. C11-1162-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER GRANTING MOTION TO |
| METROPOLITAN PROPERTY & | ) CONFIRM APPRAISAL AWARD |
| CASUALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff Robert Kochendorfer filed a Motion to Confirm Appraisal Award. (Dkt. 13.) Defendant Metropolitan Property & Casualty Insurance Company filed a motion in opposition and requested oral argument. (Dkt. 14.) Having considered the arguments raised in support and in opposition to the motion, and finding oral argument unnecessary, the Court hereby GRANTS plaintiff's motion as stated below.

This lawsuit arose out of an insurance claim submitted by plaintiff following a July 4, 2010 fire in a home insured pursuant to a policy issued by defendant. As dictated by the policy, an appraisal panel met to set amounts of loss for property damage. (*See* Dkt. 13, Ex. A.) Plaintiff now seeks confirmation of the unanimous appraisal panel decision. (*Id.*, Ex. D.)

ORDER GRANTING MOTION TO
CONFIRM APPRAISAL AWARD
PAGE -1

01  As a federal court sitting in diversity, the Court applies state law in this matter. *State Farm Fire & Casualty Co. v. Smith*, 907 F.2d 900, 902 (9th Cir. 1990). Pursuant to Washington law, "[t]he provisions of a fire insurance policy requiring an appraisal are universally held to be valid and enforceable[.]" *Goldstein v. Nat'l Fire Ins. Co.*, 106 Wash. 346, 353, 180 P. 409 (1919); *Keesling v. W. Fire Ins. Co.*, 10 Wn. App. 841, 845-46, 520 P.2d 622 (1974). "An appraisal provision provides a method for establishing the dollar value of damage sustained[,]" and "is justified in the expectation that it will provide a plain, inexpensive and speedy determination of the extent of the loss." *Keesling*, 10 Wn. App. at 845 (cited source omitted).

An appraisal award may be judicially confirmed and enforced. *Id*. at 845-46 (appraisal awards are not "self-executing" and, where damages are not paid, "an insured must commence legal action, the appraisal must be confirmed by the court and judgment entered for the insured.") The award is "conclusive as to the amount of loss." *Bainter v. United Pac. Ins. Co.*, 50 Wn. App. 242, 246, 748 P.2d 260 (1988). However, "where the fairness of the appraisal process is questioned by the insured, through allegations of bias, prejudice, or lack of disinterestedness on the part of either an appraiser or the umpire, factual issues properly reserved for jury determination may arise." *Id*. A party presenting such a challenge to the appraisal process must provide supporting evidence. *See id*. at 246-47.

Here, defendant does not dispute that Washington law allows for judicial confirmation of an appraisal award, that the measure of damages is conclusive, and that the award may be challenged only with substantive evidence of collusion, fraud, misconduct or mistake. (Dkt. 14 at 5 (citing *Goldstein*, 106 Wash. at 353; *Keesling*, 10 Wn. App. at 845). Nor does

defendant raise any challenge to the appraisal process in this case. *Id*. Instead, defendant raises concerns about plaintiff's motivation and his construed "willingness to blur the differences between appraisal amounts and covered losses under the applicable policy of insurance." *Id*. at 6.

Defendant stresses that an appraisal award "resolves only issues of valuation not the entire controversy." *Celebrations Caterers, Inc. v. Neth. Ins. Co.*, No. 06-1341, 2008 U.S. Dist. LEXIS 7477 at *9 (E.D. Pa. Feb. 1, 2008). Defendant notes that the appraisal award itself makes clear that it "does not address policy coverage, and all terms and conditions of the insurance policy remain in force." (Dkt. 13, Ex. D.) Defendant contends that it has already paid plaintiff the amounts he is entitled to under the applicable policy, disputes plaintiff's entitlement to two items addressed in the appraisal award, and argues that the Court should not dispose of this motion by making any coverage determinations, an issue neither addressed by the appraisers, nor briefed by the parties.

The Court finds plaintiff entitled to an Order confirming the appraisal award.[1] The Court clarifies that this Order does not address any continuing controversies in this case,

---

[1] Defendant fails to establish that this motion, restricted to a request to confirm the appraisal award, should be treated as a motion for summary judgment and denied as not compliant with Local Civil Rule 7(d)(3). The motion is clearly distinguishable from the cases cited by defendant and involving other disputed, dispositive matters. *See*, *e.g.*, *Brooks Family Partnership v. Granite State Ins. Co.*, C09-5723-RJB, slip op. at 4 (W.D. Wash. Nov. 22, 2010) (defendant moved to confirm appraisal award *and* dismiss any claims premised on defendant owing plaintiff anything further under the insurance policy). Also, while the Court acknowledges the omission of an exhibit from plaintiff's motion (*see* Dkt. 13 at 14, 16 (citing or discussing "Exhibit F")), it finds no basis for defendant's motion to strike. (Dkt. 14 at 8.) The motion to strike relies, in part, on the interpretation of plaintiff's motion as proceeding pursuant to summary judgment (*see id*. (discussing "Exhibit C" to plaintiff's motion)), and is directed towards (1) a document not relevant to the Court's consideration of the underlying motion (*id*.), and (2) a document issued by this Court and publically available on the Court's electronic filing system (*id*. ("Exhibit F")).

including any coverage determinations. Instead, it serves only to provide confirmation of the appraisal award as to amount of loss. As acknowledged by plaintiff, whether or not damage amounts set by the appraisal panel are covered under the policy of insurance is an issue to be resolved at a later date.

For the reasons stated above, plaintiff's Motion to Confirm Appraisal Award (Dkt. 13) is GRANTED. The Clerk is directed to send a copy of this Order to the parties.

DATED this 22nd day of November, 2011.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

CONFIRM APPRAISAL AWARD
PAGE -4